IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 DEC -2 PM 12: 47
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HEALTHSOUTH CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. ) ) |
| MEDISTAR CORPORATION, AUSTIN BLUFFS I.M.P., LTD., and AVENTURA I.M.P., LTD, | ) CV-03-S-3210-S ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

HEALTHSOUTH Corporation, by and through its undersigned counsel, for its complaint against the defendants, Medistar Corporation, Austin Bluffs I.M.P., Ltd., and Aventura I.M.P., Ltd, avers as follows:

### The Parties

1.  HEALTHSOUTH Corporation ("HEALTHSOUTH") is a corporation, organized under the laws of the State of Delaware. Its principal place of business is located in Birmingham, Alabama.

2.  Medistar Corporation ("Defendant Medistar" or "Medistar") is a corporation, organized under the laws of the State of Texas. Its principal place of business is located in Houston, Texas.

3.  Austin Bluffs I.M.P., Ltd. ("Defendant Austin Bluffs") is a limited partnership organized under the laws of Texas. Its principal place of business is located in Houston, Texas. Defendant Medistar is the general partner of Defendant Austin Bluffs.

1

4. Aventura I.M.P., Ltd., ("Defendant Aventura") is a limited partnership organized under the laws of Texas. Its principal place of business is located in Houston, Texas. Defendant Medistar is the general partner of Defendant Aventura.

## Jurisdiction

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and the amount in controversy, which exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

## The Nature of the Action

6. This is a creditor's action by HEALTHSOUTH seeking the following relief: (1) the collection of loans made by HEALTHSOUTH to Medistar, as evidenced by promissory notes executed by Medistar; (2) the judicial foreclosure of certain real property of Medistar situated in Jefferson County, Alabama; (3) the recovery of tenant improvement allowances owed to HEALTHSOUTH by Medistar and its affiliates under certain lease agreements; and (4) an accounting from Medistar.

## COUNT I
## (the "Spurs Guaranty")

7. Medistar proposed the construction of a state-of-the-art training and practice facility for the San Antonio Spurs, an NBA basketball team, on land situated in San Antonio, Texas, and owned by HEALTHSOUTH (the "Spurs Training Facility").

8. Medistar negotiated a Training Facility Lease Agreement, dated March 15, 2001, between Medistar and the San Antonio Spurs, as well as other agreements, pursuant to which Medistar agreed to construct the Spurs Training Facility for use by the San Antonio Spurs.

9. Medistar ultimately breached its contractual obligations to the San Antonio Spurs by failing to meet construction deadlines. As a consequence, Medistar began incurring substantial penalties under its agreements with the San Antonio Spurs.

10. Medistar, unable to meet its contractual obligations to the San Antonio Spurs, requested financial assistance from HEALTHSOUTH to complete the Spurs Training Facility.

11. To induce HEALTHSOUTH to extend credit to Medistar for completion of the Spurs Training Facility and to guarantee performance of Medistar's contractual obligations to the San Antonio Spurs, Medistar executed and delivered to HEALTHSOUTH a Guaranty of Payment pursuant to which it "unconditionally guarantee[d] to HEALTHSOUTH the full payment of all professional, construction, and other costs related to the Spurs Training Facility and paid on its behalf" (the "Spurs Guaranty").

12. In reliance upon the Spurs Guaranty, HEALTHSOUTH advanced the funds necessary to complete the Spurs Training Facility. HEALTHSOUTH also executed an amendment to the Training Facility Lease Agreement between Medistar and the San Antonio Spurs pursuant to which it guaranteed Medistar's obligations under said lease agreement.

13. Pursuant to the Spurs Guaranty, HEALTHSOUTH advanced construction costs necessary to complete the Spurs Training Facility in excess of $5,000,000.00.

14. Medistar has defaulted under the terms of the Spurs Guaranty by failing and refusing to repay to HEALTHSOUTH professional, construction, and other costs incurred by HEALTHSOUTH related to the Spurs Training Facility in the amount of approximately $1,357,959.50.

WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under the Spurs Guaranty, plus prejudgment interest. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT II
### ("Spurs Note No. 1")

15. HEALTHSOUTH incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. To induce HEALTHSOUTH to pay to the San Antonio Spurs the penalties incurred by Medistar under its agreements with the San Antonio Spurs arising from Medistar's failure to meet construction deadlines in connection with the Spurs Training Facility, and for other good and valuable consideration, Medistar executed and delivered to HEALTHSOUTH a promissory note in the principal amount of $200,000.00 ("Spurs Note No. 1").

17. In reliance upon Spurs Note No. 1, HEALTHSOUTH paid to the San Antonio Spurs the penalties owed by Medistar under the Training Facility Lease Agreement between Medistar and the San Antonio Spurs.

18. Medistar has defaulted under the terms of Spurs Note No. 1 by failing and refusing to repay the amounts owed to HEALTHSOUTH under Spurs Note No. 1.

19. As of November 1, 2003, the unpaid balance due under Spurs Note No. 1 was $237,416.44, exclusive of attorneys' fees. Interest and costs of collection, including attorneys fees, will continue to accrue under the terms of Spurs Note No. 1 until is paid in full by Medistar.

20. WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under Spurs Note No. 1, including, without limitation, accrued interest, costs of

collection and attorneys' fees. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT III
### ("Spurs Note No. 2")

21. HEALTHSOUTH incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. To induce HEALTHSOUTH to extend credit and convey land to Medistar in connection with the development of the Spurs Training Facility, and as a condition to the extension of credit and the conveyance of land to Medistar by HEALTHSOUTH, and for other good and valuable consideration, Medistar executed and delivered to HEALTHSOUTH a Secured Promissory Note, dated December 18, 2002, in the principal amount of $4,728,518.00 ("Spurs Note No. 2").

23. Medistar has defaulted under the terms of Spurs Note No. 2, and HEALTHSOUTH has exercised its right to declare the entire outstanding principal balance immediately due and payable. Medistar has failed and refused to pay the amounts owed to HEALTHSOUTH under Spurs Note No. 2.

24. As of November 1, 2003, the unpaid balance due under Spurs Note No. 2 was $943,466.60, exclusive of attorneys' fees. Interest and costs of collection, including attorneys fees, will continue to accrue under the terms of Spurs Note No. 2 until its is paid in full by Medistar.

WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under Spurs Note No. 2, including, without limitation, accrued interest, costs of collection and attorneys' fees. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT IV
### (Declaratory Relief/Equitable Mortgage/Specific Performance)

25. HEALTHSOUTH incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. To induce HEALTHSOUTH to extend credit and convey land to Medistar in connection with the development of the Spurs Training Facility, and as a condition to the extension of credit and the conveyance of land to Medistar by HEALTHSOUTH, and for other good and valuable consideration, Medistar promised and agreed to grant to HEALTHSOUTH a mortgage on the following described real property situated in Jefferson County, Alabama, as collateral for Spurs Note No. 2, and other debts of Medistar to HEALTHSOUTH:

> Lot No. 2 of the Grandview Corporation Park, according to Resurvey No. 3 recorded in Map Book 193, Page 50 of the Probate Office of Jefferson County, Alabama (the "Grandview Lot").

27. Medistar's promise and agreement to grant HEALTHSOUTH a mortgage on the Grandview Lot is recited in Spurs Note No. 2.

28. Medistar has failed and refused to execute a written mortgage evidencing its conveyance to HEALTHSOUTH of a security interest in the Grandview Lot.

29. On or about March 25, 2003, after Medistar failed and refused to execute a written mortgage as promised, HEALTHSOUTH recorded Spurs Note No. 2 in the Probate Office of Jefferson County in Instrument No. 200304/6534. Spurs Note No. 2 contains the legal description of the Grandview Lot and expressly recites the parties' intention that HEALTHSOUTH be granted a security interest in the Grandview Lot as collateral for Spurs Note No. 2.

WHEREFORE, HEALTHSOUTH respectfully requests the Court to enter a judgment awarding relief in the form of one or more of the following:

   a.   a declaratory judgment determining that Spurs Note No. 2 constitutes a valid, legal mortgage on the Grandview Lot in favor of HEALTHSOUTH; OR

   b.   an equitable mortgage and/or equitable lien on the Grandview Lot in favor of HEALTHSOUTH; OR

   c.   specific performance, i.e., directing Medistar to execute a written mortgage granting to HEALTHSOUTH a security interest in the Grandview Lot; AND

   d.   such other and further relief as the Court deems appropriate.

## COUNT V
### (Judicial Foreclosure)

30.   HEALTHSOUTH incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31.   HEALTHSOUTH claims a mortgage, equitable mortgage and/or equitable lien on the Grandview Lot as collateral for Spurs Note No. 2 and other obligations of Medistar to HEALTHSOUTH.

32.   Medistar has defaulted under the terms of Spurs Note No. 2, and otherwise failed to repay amounts owed to HEALTHSOUTH.

33.   HEALTHSOUTH is entitled to foreclose its mortgage/lien.

WHEREFORE, HEALTHSOUTH prays for a judgment directing that HEALTHSOUTH's mortgage and/or lien on the Grandview Lot be foreclosed and that a foreclosure sale of the Grandview Lot be conducted in accordance with *Alabama Code* § 35-10-1, *et seq.* (1975). HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

### COUNT VI
### (The "Aventura Note")

34. HEALTHSOUTH incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. On or about April 2, 2001, HEALTHSOUTH loaned $400,000.00 to Medistar to enable Medistar, or its designee, to acquire property situated at 20601 East Dixie Highway, Aventura, Florida, on which to construct an integrated medical plaza.

36. The loan is evidenced by a Demand Promissory Note, dated April 2, 2001, in the principal amount of $400,000.00 (the "Aventura Note").

37. The Aventura Note matured on July 2, 2001, and Medistar failed to repay the loan as required by the Aventura Note.

38. Medistar has defaulted under the terms of the Aventura Note.

39. As of November 1, 2003, the outstanding balance owed by Medistar under the Aventura Note was $503,342.47. Interest and costs of collection, including attorneys fees, will continue to accrue under the terms of the Aventura Note until it is paid in full by Medistar.

WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under the Aventura Note, including, without limitation, accrued interest, costs of collection and reasonable attorneys' fees. HEALTHSOUTH prays for such other and further relief as

the Court deems appropriate.

## COUNT VII
### (The Aventura Plaza Tenant Improvement Allowance)

40. HEALTHSOUTH incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. Defendant Aventura is the owner of an integrated medical plaza situated at 20601 East Dixie Highway, Aventura, Florida (the "Aventura Medical Plaza").

42. HEALTHSOUTH is a tenant in the Aventura Medical Plaza pursuant to an "Integrated Medical Facility Lease Agreement" between HEALTHSOUTH and Defendant Aventura, dated July 20, 2001 (the "Aventura Lease").

43. The Aventura Lease obligates Defendant Aventura to pay a tenant improvement allowance to HEALTHSOUTH for leasehold improvements made by HEALTHSOUTH to the Aventura Medical Plaza.

44. HEALTHSOUTH has made substantial leasehold improvements to the Aventura Medical Plaza. HEALTHSOUTH is due to be reimbursed $414,120.00 of its tenant improvement expenses by Defendant Aventura under the Aventura Lease.

45. Defendant Aventura has breached the Aventura Lease by failing and refusing to pay HEALTHSOUTH the required tenant improvement allowance.

WHEREFORE HEALTHSOUTH prays for a judgment against Defendant Aventura and Defendant Medistar, as the general partner of Defendant Aventura, in the amount of $414,120.00, plus pre-judgment interest, and costs of collection, including reasonable attorneys' fees. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT VIII
### ("Colorado Springs Note No. 1")

46. HEALTHSOUTH incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. On or about July 21, 2000, HEALTHSOUTH made a loan or loans to Medistar to enable Medistar, or its designee, to acquire property situated at 3920 North Union Boulevard, Colorado Springs, Colorado, on which to construct an integrated medical plaza (the "Colorado Springs Medical Plaza").

48. The loan is evidenced by a Secured Promissory Note, dated July 21, 2000, in the principal amount of $1,000,000.00 ("Colorado Springs Note No. 1").

49. Medistar has defaulted under the terms of Colorado Springs Note No. 1 by failing and refusing to pay all amounts owed thereunder.

50. As of November 1, 2003, the outstanding balance owed by Medistar under Colorado Springs Note No. 1 was $297,668.80. Interest and costs of collection, including attorneys fees, will continue to accrue under the terms of Colorado Springs Note No. 1 until it is paid in full by Medistar.

WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under Colorado Springs Note No. 1, including, without limitation, accrued interest and costs of collection. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT IX
## (The Colorado Springs Plaza Tenant Improvement Allowance)

51. HEALTHSOUTH incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Defendant Austin Bluffs is the owner of the Colorado Springs Medical Plaza.

53. HEALTHSOUTH is a tenant in the Colorado Springs Medical Plaza pursuant to an "Integrated Medical Facility Lease Agreement" between HEALTHSOUTH and Defendant Austin Bluffs, dated October 1, 2000 (the "Colorado Springs Lease").

54. The Colorado Springs Lease obligates Defendant Austin Bluffs to pay a tenant improvement allowance to HEALTHSOUTH for leasehold improvements made by HEALTHSOUTH to the Colorado Springs Medical Plaza.

55. HEALTHSOUTH has made substantial leasehold improvements to the Colorado Springs Medical Plaza. HEALTHSOUTH is due to be reimbursed $242,345.00 of its tenant improvement expenses by Defendant Austin Bluffs under the Colorado Springs Lease.

56. Defendant Austin Bluffs has breached the Colorado Springs Lease by failing and refusing to pay HEALTHSOUTH the required tenant improvement allowance.

WHEREFORE HEALTHSOUTH prays for a judgment against Defendant Austin Bluffs and Defendant Medistar, as the general partner of Defendant Austin Bluffs, in the amount of $242,345.00, plus pre-judgment interest, and costs of collection, including reasonable attorneys' fees. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT X
### ("Colorado Springs Note No. 2")

57. HEALTHSOUTH incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58. Medistar is indebted to HEALTHSOUTH under a promissory note dated May 30, 2002, in the principal amount of $242,235.00 the ("Colorado Springs Note No. 2"). Colorado Springs Note No. 2 was executed and delivered to HEALTHSOUTH by Medistar as security for the tenant improvement allowance owed to HEALTHSOUTH by Defendant Austin Bluffs.

59. Medistar has defaulted under the terms of Colorado Springs Note No. 2.

60. As of November 1, 2003, the outstanding balance owed by Medistar under Colorado Springs Note No. 2 was $298,874.46. Interest and costs of collection, including attorneys fees, will continue to accrue under the terms of Colorado Springs Note No. 2 until it is paid in full by Medistar.

WHEREFORE, HEALTHSOUTH demands judgment against Medistar for all amounts owed under Colorado Springs Note No. 2, including, without limitation, accrued interest and costs of collection. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate.

## COUNT XI
### (Accounting)

61. HEALTHSOUTH incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62. The Aventura Note obligates Medistar to provide HEALTHSOUTH with full access to and inspection of the books and records of Medistar at any time while its obligations to HEALTHSOUTH are outstanding.

WHEREFORE, HEALTHSOUTH prays for a judgment directing Medistar to provide a full accounting of its books and records. HEALTHSOUTH prays for such other and further relief as the Court deems appropriate

Respectfully Submitted,

Julia B. Cooper

N. Christian Glenos
Attorneys for HEALTHSOUTH Corporation

OF COUNSEL:

WALSTON, WELLS, ANDERSON & BAINS, LLP
One Federal Place
1819 Fifth Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
Telephone: (205) 244-5200
Facsimile: (205) 244-5400

13

PLAINTIFF'S ADDRESS:

HEALTHSOUTH Corporation
c/o Walston, Wells, Anderson & Bains, LLP
One Federal Place
1819 Fifth Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642


PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:

Medistar Corporation
c/o Capital Corporate Services, Inc.
4269 Lomac Street
Montgomery, AL 36106

Aventura I.M.P., Ltd.
7670 Woodway, Suite 160
Houston, TX 77063

Austin Bluffs, IMP, Ltd.
7670 Woodway, Suite 160
Houston, TX 77063